Clay J. Christianson (SB# 143024)
KELLY JACKSON CHRISTIANSON & SMITH, LLP
100 B Street, Suite 430
Santa Rosa, California 95401
(707) 578-7160
(707) 578-7469/Facsimile
e-mail: cchristianson@phkellylaw.com

Attorneys for Defendants
      County of Lake and Jeffrey Reed

UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH W. COCKING AND GAIL L. COCKING, individually and as personal representatives of the Estate of Kenneth J. Cocking,<br><br>                Plaintiffs,<br><br>v.<br><br>OFFICER J. REED, Badge #J-27, LAKE COUNTY SHERIFF'S DEPARTMENT AND LAKE COUNTY, and DOES 1 through 100, inclusive,<br><br>                Defendants. | Docket No. C 05 00004 JSW<br><br>STIPULATED PROTECTIVE ORDER |

## PROTECTIVE ORDER

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the

procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties represent they have reviewed and will maintain a copy of the United States District Court, Northern District of California's model protective order form entitled "Stipulated Protective Order" and posted to the Court's official website as "StipulatedProtectiveOrder-1-03.pdf," and agree to be bound by the terms, conditions and provisions therein, excluding sections 7.3(b) and 7.4. The parties here incorporate the substance and provisions of the model protective order within this agreement and will abide by the provisions therein. The parties waive requirements for execution of the "Agreement to Be Bound by Protective Order" where referenced in the model protective order.

This agreement governs the disclosure and utilization of the following categories of documents to be produced by Defendant County of Lake:

1. Documents (not otherwise privileged or protected) relating to Defendant Jeffrey Reed's personnel file while employed with the County of Lake, including but not limited to: evaluations, separation report, memoranda, correspondence, disciplinary record (if any), miscellaneous Human Resource documents;

2. Investigation report dated February 10, 2004 and interview memoranda prepared by District Attorney Investigator John Flynn;

3. Lake County District Attorney's Final Report dated March 17, 2004;

4. Lake County Sheriff's Department Jail and booking records, including: Jail Information Report, Pre-Booking Medical Information, financial and personal property inventory records, log listing report for 12/27/03 (limited to entries re. decedent Cocking), Officer On/Off Duty Log for 12/27/03, Observation Log, Booking Form, Sobering Cell Inmate Assessment Form, law enforcement index screening records and fingerprint card.

5. Narrative report of Jeffrey Reed dated 12/28/03;

6. Photographs as may be produced regarding death scene or autopsy;

7. CHP report Nos. 03-1005 and 03-12-0067;

8. Toxicology or forensic pathology reports;

9. Coroner's Report and supplement, Case No. 10262; and

10. Necropsy report, Case No. 338-2003

The parties expressly understand and agree that some documents which may fall within the above-described categories may be otherwise privileged or protected from disclosure and that Defendants will provide a detailed privilege log setting forth identification of the document and the privileges which apply. Where applicable, and where only portions of a documents are subject to privilege or other protections, the privileged/protected sections will be redacted, and the redactions will be detailed in the privilege log.

**ACCORDINGLY**:

Defendants will produce to plaintiffs the non-privileged or otherwise protected documents as described above, pursuant to the terms, conditions and provisions detailed in the United States District Court, Northern District of California's "Stipulated Protective Order," which is posted to the Court's website under Civil Forms and identified as an Adobe Acrobat document entitled "StipulatedProtectiveOrder-1-03.pdf," excluding sections 7.3(b) and 7.4, and further agree to waive requirements for execution of the "Agreement to Be Bound by Protective Order" where referenced in the model protective order.

Dated: July 13, 2005          KELLY JACKSON CHRISTIANSON & SMITH, LLP

By  /s/
Clay J. Christianson, Attorneys for Defendants

LAW OFFICES OF BARON J. DREXEL

Dated: July 15, 2005          By  /s/
Baron J. Drexel, Attorneys for Plaintiffs

**SIGNATURE ATTESTATION**

**I attest that I have on file all holograph signatures for any signatures indicated by a conformed signature (/s/) within this e-filed document.**

/s/
Clay J. Christianson
Attorneys for Defendants

ORDER

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: July  15 , 2005     /s Jeffrey S. White
                           Jeffrey S. White
                           United States District Judge